UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JESSICA MARTIEN,

              **Plaintiff,**

            v.                                     1:04-CV-679
                                                     (FJS/RFT)
THE CITY OF SCHENECTADY and M.L. LAFOND,
individually and as Agent, Servant, and/or Employee of
THE CITY OF SCHENECTADY

              **Defendants.**
_____

**APPEARANCES**                                          **OF COUNSEL**

**TOBIN & DEMPF, LLP**                        **KEVIN A. LUIBRAND, ESQ.**
33 Elk Street
Albany, New York 12207
Attorneys for Plaintiff

**CARTER, CONBOY, CASE,**                 **MICHAEL J. MURPHY, ESQ.**
**BLACKMORE, MALONEY & LAIRD, P.C.**
20 Corporate Woods Boulevard
Albany, New York 12211
Attorneys for Defendants

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     Plaintiff brought this action against Defendants City of Schenectady and M.L. LaFond under 42 U.S.C. § 1983 for conduct arising out of a traffic stop that occurred on December 1, 2003. Plaintiff asserts that Defendant LaFond unreasonably seized and searched her and that he used excessive force in seizing her. Plaintiff further asserts that Defendant City of Schenectady

is liable for Defendant LaFond's conduct because it tolerated and condoned an unconstitutional policy that allowed its officers to use excessive force in their police-citizen encounters and failed to properly train and supervise these officers. Additionally, Plaintiff asserts two state law claims against Defendant LaFond for assault and battery and negligence.

Currently before the Court is Defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## II. BACKGROUND[1]

On December 1, 2003, Plaintiff had an appointment with her doctor because of a job-related wrist injury.[2] Following that appointment, while Plaintiff was a passenger in Mr. Antoine Edgehill's car, Patrol Sergeant Doyle, a Schenectady City police officer, pulled the car over for going through a yellow light. While the stop was in progress, Defendant LaFond was dispatched to that location to assist Sergeant Doyle. Defendant LaFond approached the vehicle on the passenger side where Plaintiff remained seated in the car.[3]

Plaintiff contends that, at this time, she began having difficulty breathing and therefore attempted to open the passenger-side door to get air. At the same moment, Defendant LaFond

---

[1] For purposes of this motion, where there is a factual dispute, the Court has adopted Plaintiff's version of the facts as stated in her answers to interrogatories and her deposition testimony.

[2] Plaintiff claims that the doctor diagnosed her injury as a sprained wrist.

[3] According to Defendant LaFond, he approached Mr. Edgehill's vehicle after he spoke with Sergeant Doyle and discovered that Mr. Edgehill did not have a license and that his car would be towed as a result.

forcefully closed the door with his foot. When the door slammed shut, Plaintiff claims that it hit her right hand, between her thumb and wrist, which caused her to sustain an injury resulting in a small bone in her hand breaking.

### III. DISCUSSION

**A.     Standard of Review**

A court should grant a motion for summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In resolving a motion for summary judgment, a court draws all inferences and resolves all ambiguities in favor of the nonmoving party. *See Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996) (citation omitted). However, where reasonable minds, viewing the record as a whole, could not find for the non-moving party, there is no genuine issue of material fact. *See id.* (citation omitted).

As to the initial burden, the moving party must demonstrate the absence of any genuine issues of material fact. *See Adams v. Dep't of Juvenile Justice of City of N.Y.*, 143 F.3d 61, 65 (2d Cir. 1998) (citation omitted). Upon satisfying this burden, the non-moving party "must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (quoting Fed. Rule Civ. Proc. 56(e)) (other citation omitted). The non-moving party may not simply rest on its pleadings, but rather it must adduce significant probative evidence which tends to support its claims. *See*

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (quotation omitted).  Finally, in deciding a summary judgment motion, courts "should not weigh evidence or assess the credibility of witnesses" because these functions "are within the sole province of the jury." *Hayes*, 84 F.3d at 619 (citations omitted).

### B.       Plaintiff's Claim that Defendant LaFond Unlawfully Searched and Seized Her

As a preliminary matter, the Court need not determine whether there is genuine issue of material fact regarding Plaintiff's claim that Defendant LaFond unlawfully searched and seized her because she does not address this claim in opposition to Defendants' summary judgment motion.  As a result, the Court finds that Plaintiff has abandoned this claim and grants Defendants' motion for summary judgment with regard to the same.  *See, e.g., Douglas v. Victor Capital Group*, 21 F. Supp. 2d 379, 393 (S.D.N.Y. 1998) (where a plaintiff only made passing reference to claims in response to the defendants' summary judgment motion, the court deemed those claims abandoned and granted the defendants summary judgement (citation omitted)); *Nat'l Commc'ns Ass'n, Inc. v. Am. Tel. & Tel. Co.*, 92 Civ. 1735, 1998 WL 118174, *28 (S.D.N.Y. Mar. 16, 1998) (where a plaintiff did not address a claim in response to the defendant's summary judgment motion, the court deemed the claim abandoned and granted the defendant summary judgment).

**C.    Plaintiff's Claim that Defendant LaFond Used Excessive Force During the Course of a Vehicle and Traffic Stop by Kicking Closed the Vehicle's Passenger-Side Door**

Under § 1983, courts analyze claims based on the use of excessive force incident to arrest under the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386, 388 (1989).[4] As a result, courts measure all claims of excessive force arising out of an arrest, investigatory stop, or other seizure within the police-citizen sphere by an objective standard of reasonableness. *See id.* at 395. In determining reasonableness, a court must carefully consider "the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396 (citing *Tennessee v. Garner*, 471 U.S., at 8-9, 105 S. Ct., at 1699-1700). Finally, the court must resist the urge to supplant its "20/20 vision of hindsight" when examining a particular case and instead judge reasonableness "from the perspective of a reasonable officer on the scene . . . ." *Id.* (citation omitted).

Applying the principles set forth in *Graham* and viewing the evidence in the light most favorable to Plaintiff, the Court concludes that Defendant LaFond's conduct does not rise to the level of a Fourth Amendment violation. Plaintiff was a passenger in a vehicle which was stopped for a routine traffic violation. After Defendant LaFond arrived on the scene to assist

---

[4] The Court notes that, in situations such as this one, where "the plaintiff [was] not . . . the actual target of the arrest, the rule is not diminished – Fourth Amendment analysis still governs." *Dismukes v. Hackathorn*, 802 F. Supp. 1442, 1449 (N.D. Miss. 1992) (citing *Roach v. The City of Fredericktown*, 882 F.2d 294, 297 (8th Cir. 1989)) (other citation omitted); *see also Teames v. Henry*, No. Civ. 3:03-CV-1236-H, 2004 WL 357961, *2 (N.D. Tex. Feb. 26, 2004) (citing *Graham*, 490 U.S. at 395 (1989) (noting that "[a] bystander's right to be free from a law enforcement officer's use of excessive force springs from the unreasonable seizure clause of the Fourth Amendment . . . .")) (other citation omitted).

Sergeant Doyle, who had initiated the vehicle and traffic stop, he approached Mr. Edgehill's vehicle on the passenger side and kicked the door shut without first instructing Plaintiff to "[s]tay in the vehicle" as she was opening the door.[5] Although Defendant LaFond's response may possibly be viewed as negligent or disproportionate in relation to Plaintiff's actions, it does not amount to "excessive force" in the context of a Fourth Amendment claim. *See Colbert v. City of Philadelphia*, 931 F. Supp. 389, 393 (E.D. Pa. 1996) (citing *Davidson v. Cannon*, 474 U.S. 344, 106 S. Ct. 668, 88 L. Ed. 2d 677 (1986) (holding that "[n]eglience is not a basis for a claim under 42 U.S.C. § 1983")) (other citation omitted).

Alternatively, Plaintiff has not alleged any facts that would support an inference that Defendant LaFond acted with the intent to strike her or that he intended to harm her in any way. As previously stated, Plaintiff was a passenger in Mr. Edgehill's vehicle and was not the subject of the police seizure. In this situation, she was the equivalent of a bystander. It is well-established that "police action . . . that negligently causes injury to bystanders does not equate to an excessive use of force toward those bystanders."[6] *Leuallen v. Paulsboro Police Dep't*, No.

---

[5] At the moment that Plaintiff attempted to open the door, Defendant LaFond asserts that he simultaneously said "[s]tay in the vehicle." *See* Transcript of Deposition of M.L. LaFond, dated April 8, 2005 ("LaFond Dep."), at 37. Defendant LaFond also contends that, when the door was already slightly ajar and still progressing forward, he placed his foot on the door and forcefully closed it while Plaintiff was still in the car. He contests Plaintiff's characterization that he kicked the door; instead, he claims that he pushed the door with his foot. Since the parties dispute whether Defendant LaFond "kicked" or a "pushed" the door shut, the Court adopts Plaintiff's characterization that Defendant LaFond kicked the door shut. Moreover, although Defendant LaFond alleges that he instructed Plaintiff to stay in the car while simultaneously pushing the door shut with his foot, Plaintiff asserts that either she did not hear this instruction or Defendant LaFond never gave such an instruction. For purposes of this motion, the Court accepts Plaintiff's version of the facts as true.

[6] The Court notes that there is no medical evidence in the record to substantiate

(continued...)

CIV. 990-4353, 2001 WL 1700432, *11 (D.N.J. 2001) (citing *Claybrook v. Birchwell*, 199 F.3d 350, 360-61 (6th Cir. 2000)) (other citation omitted). In light of these circumstances, the Court cannot find that, from the perspective of a reasonable officer on the scene, Defendant LaFond's actions were constitutionally unreasonable. Accordingly, the Court grants Defendants' motion for summary judgment on Plaintiff's claim of excessive force.[7, 8]

---

[6](...continued)
Plaintiff's claim that a small bone in her hand was broken as a result of Defendant LaFond's kicking the door shut. In considering a motion for summary judgment, the Court considers only those facts in the record. Thus, although the Court has considered the fact that Plaintiff *claims she was injured*, it does not accept this representation as true for summary judgment purposes. *Cf. Johnson v. St. Clare's Hosp. & Health Ctr.*, No. 96 Civ. 1425, 1997 WL 113795, *1 (S.D.N.Y. Mar. 12, 1997) (noting that, where no medical proof substantiates a plaintiff's claim of injury, a defendant's summary judgment motion cannot be defeated by mere conjecture or allegations of injury (citations omitted)).

[7] To support her claim that Defendant LaFond is liable under § 1983 for the injuries that she suffered as a result of his kicking the vehicle door shut, Plaintiff relies upon *Warner v. Orange County Dep't of Probation*, 115 F.3d 1068 (2d Cir. 1997), for the proposition that "tort defendants, including those sued under § 1983, are "'responsible for the natural consequences of [their] actions."'" *Id.* at 1071 (quotation omitted). As a general proposition, this is an accurate statement of the law; however, it is not dispositive of the issue before the Court. There is no dispute that, had the Court found that Defendant LaFond's conduct constituted the use of excessive force and that he was not entitled to qualified immunity, he would be liable to Plaintiff under § 1983 for any injuries that she suffered as a result of that conduct, but that is not the case. Rather, because the Court has determined that, at most, Defendant LaFond's conduct constitutes negligence, he cannot be held liable under § 1983.

[8] As a result of this conclusion, the Court need not address the issue of qualified immunity.

-7-

**D.      Plaintiff's Claim that the City of Schenectady Is Liable for Defendant LaFond's Use of Excessive Force**

Plaintiff claims that the City of Schenectady ("the City") is liable for Defendant LaFond's actions because the City permits an unconstitutional policy that tolerates its police officers' use of excessive force on citizens by failing to properly train and supervise them. To the contrary, Defendants argue that Plaintiff alleges no specific facts that link the City to Defendant LaFond's actions and offers no evidence to suggest that the City failed to properly train or supervise its officers.

It is well-established that "[a] municipality is subject to liability for damages under § 1983 for the unconstitutional acts of its employees." *Thomas v. Roach*, 165 F.3d 137, 145 (2d Cir. 1999) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). Municipal liability is not predicated on the tort theory of respondeat superior; rather, liability can only obtain if an employee's acts were executed in the service of a government policy or custom. *See id.* (quoting [*Monell*, 436 U.S.] at 694, 98 S. Ct. 2018) (other citation omitted). Moreover, in cases involving the use of excessive force, a municipality may be liable for failing to supervise or discipline its officers, which is tantamount to a policy of deliberate indifference. *See id.* (citations omitted). However, "a municipality cannot be liable for inadequate training or supervision when the officers involved in making an arrest did not violate the plaintiff's constitutional rights." *Curley v. Village of Suffern*, 268 F.3d 65, 71 (2d Cir. 2001) (citations omitted).

In this case, Plaintiff presents no evidence to indicate that the City has a policy, custom or practice of condoning unconstitutional conduct by its officers or that the City has failed to

supervise and/or train its officers. Without such evidence, there is no triable issue of fact. As the Second Circuit stated, "'[t]he critical question here is whether there is sufficient evidence in the record of [a] municipal policy, custom or practice, so that a jury could reasonably infer that the individual conduct in this case was causally connected to the policy.'" *Myers v. County of Orange*, 157 F.3d 66, 73 (2d Cir. 1998) (quoting *Gentile v. County of Suffolk*, 926 F.2d 142, 152 (2d Cir. 1991)). Plaintiff's conclusory allegations in her complaint and her general citation to *DiSorbo v. City of Schenectady,* No. 99-CV-1131, 2004 WL 115009 (N.D.N.Y. Jan. 9, 2004), in her memorandum of law in opposition to Defendants' motion, without more, are insufficient to demonstrate that the City tolerated an unconstitutional policy or failed to train and/or supervise its officers. Accordingly, the Court grants Defendants' motion for summary judgment with respect to Plaintiff's claim against the City of Schenectady.

### E.     Plaintiff's State Law Claims Against Defendant LaFond for Assault and Battery and Negligence

Plaintiff also alleges state law claims for assault and battery and negligence against Defendant LaFond. Since the Court has granted Defendants' motion for summary judgment on Plaintiff's constitutional claims, it abstains from exercising supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367, and dismisses these claims without prejudice. *See Cardona v. Connolly*, 361 F. Supp. 2d 25, 34 (D. Conn. 2005) (holding that, when a court dispossess of all of the defendant's federal claims on summary judgment, the court should also dismiss the state claims) (citation omitted)).

## IV. CONCLUSION

After carefully reviewing the entire file in this matter, the parties' submissions, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is **GRANTED** with respect to all of Plaintiff's federal constitutional claims against Defendants; and the Court further

**ORDERS** that Plaintiff's state law claims against Defendant LaFond for assault and battery and negligence are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367; and the Court further

**ORDERS** that the Clerk of the Court enter judgment in favor of Defendants and close this case.

**IT IS SO ORDERED.**

**Dated:** June 2, 2006
    Syracuse, New York

    Frederick J. Scullin, Jr.
    Senior United States District Court Judge